# Attachment C

Lehman, Devon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY MAYNOR, ) | |
| ) | |
| Plaintiff, ) | Civil No. 03 CV 1559 (SBC) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

'05 AUG 18 P3:06 DEPT. OF JUSTICE - ENRD ENVIRONMENT DIVISION

## ORDER

*Pro se* plaintiff Roy Maynor sued the United States of America and the State of North Carolina to enforce Indian rights. On July 8, 2005, this court granted defendants' motions to dismiss, holding Maynor lacked standing and neither defendant waived sovereign immunity. *See* Dkt. No. 21. Maynor moves to alter the judgment under Fed. R. Civ. P. 59 and 60 and for leave to file an amended complaint.

In 2004, Maynor contacted Barry Nakell, a North Carolina attorney, for representation in this case. Mot. at 2-3 and Nakell Affidavit. Nakell agreed to file an amended complaint, but his bar membership in the District of Columbia had lapsed. *Id.* Nakell applied for re-admission to the District of Columbia bar; his application was deferred until March 2007 due to his probationary status with the North Carolina bar. *Id.* Maynor did not file the amended complaint *pro se* while Nakell's bar membership was pending. Maynor requests that the dismissal order be altered to provide dismissal without prejudice so that he may file an amended complaint.

Motions to reconsider "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear

1

Plea.
90-2-4-11029

error or manifest injustice." *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 420 (D.D.C. 2005), *quoting Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998). Maynor does not assert the judgment should be altered due to an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. Indeed, he does not even address the court's reasons for dismissal of the complaint. Maynor argues he should be permitted to file an amended complaint because he "diligently" attempted to amend the complaint before the dismissal ruling. Mot. at 3.

Fed. R. Civ. P. 15(a) provides leave to amend a complaint "shall be freely given when justice so requires." *Pro se* filings are construed liberally. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). Nevertheless, leave may be denied where there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or if the amendment would be futile. *See Richardson*, 193 F.3d 545, 548-49, *citing Forman v. Davis*, 371 U.S. 178, 182 (1962).

Maynor's attempt to amend his complaint has hardly been diligent. The original complaint and motions to dismiss were filed in 2003 - two years prior to the court's ruling. Nowhere in his original and supplemental responses to the motions to dismiss did Maynor mention amending the complaint or obtaining counsel. In any event, amendment would be futile. While Maynor asserts "the First Amended Complaint meets the arguments that the Court accepted in its Memorandum Opinion and Order," the proposed amended complaint does not cure the defects of the original complaint. *See* Mot. at 4. As in the original complaint, the amended complaint improperly relies on *Maynor v. Morton*, 510 F.2d 1254 (D.C. Cir. 1975) for standing and seeks tribal relief based on

2

benefits bestowed upon ancestors. Although the proposed amended complaint sues Gale Norton, Secretary of the United States Department of the Interior in her official capacity and not the United States generally, a suit against a government official in her official capacity is generally a suit against the government. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Maynor does not identify a specific waiver of sovereign immunity by either the United States or the State of North Carolina. The amended complaint somewhat clarifies the nature of Maynor's claims,[1] however the fatal defects pertaining to standing and waiver of sovereign immunity are not cured.

## CONCLUSION

For the foregoing reasons, Maynor's motion for new trial, to alter or amend judgment or for relief from judgment or order and motion for leave to file first amended complaint are denied.

August 12, 2005                                    ENTER:

                                                   *Suzanne B. Conlon*
                                                   Suzanne B. Conlon
                                                   United States District Judge

---

[1] Comparing the artfulness of Maynor's original pleadings with the current motion, it appears the current motion and amended complaint were drafted by an attorney - likely Nakell - but signed by Maynor in a *pro se* capacity.

3

*United States District Court*
*Northern District of Illinois*
*219 South Dearborn Street*
*Chicago, Illinois 60604*

*Chambers of*
*Judge Suzanne B. Conlon*

Devon Marie Lehman
U.S. Dept. of Justice, Environ. & Natrl. Res.
P.O. Box 663
Washington, DC 2004