UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                             )
**MARTHA MAYNOR et al.**,        )
                             )
    Plaintiffs,         )
                             )
  v.                         )   Civil Action No. 06-612 (RWR)
                             )
**SECRETARY OF THE DEPARTMENT**  )
**OF THE INTERIOR**,             )
                             )
    Defendant.          )
_____  )

### ORDER

Defendant moved to dismiss the complaint on June 30, 2006. Because defendant's motion could potentially dispose of this case, the Court will advise the *pro se* plaintiffs[1] of their obligations under the Federal Rules of Civil Procedure and the rules of this Court. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

---

[1] The complaint identifies the Skaroreh Katenuaka Nation, a/k/a Tuscarora Nation of Indians of North Carolina, as a *pro se* plaintiff. The right of a party under 28 U.S.C. § 1654 to represent himself or herself in federal court extends not to organizations, partnerships, corporations or other legal entities, but only to only to natural persons. All other parties may appear only through a licensed attorney. See Osborn v. Bank of United States, 22 U.S. 738, 830 (1824) (noting that corporations may not proceed *pro se*); Turner v. Am. Bar Ass'n 407 F. Supp. 451, (S.D. Ala. 1975) (holding that a partnership may not proceed *pro se*); MOVE Org. v. U.S. Dep't of Justice, 555 F. Supp. 684, 693 (E.D. Pa. 1983) (holding that an unincorporated organization may not proceed *pro se*). Accordingly, this Order is directed only to the individual persons who are *pro se* plaintiffs in this action, and not to the Skaroreh Katenuaka Nation, which, if it is to proceed in this matter must be represented by a licensed attorney.

-2-

The plaintiffs' attention is directed to Rule 12(b) of the Federal Rules of Civil Procedure, which states in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).

The plaintiffs' attention is also directed to Rule 56 of the Federal Rules of Civil Procedure, which states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's

-3-

> pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendant in support of a motion for summary judgment unless the plaintiffs submit their own affidavits or documentary evidence showing that the defendant's assertions are untrue. See

-4-

<u>Neal</u>, 963 F.2d at 456.  Further, the plaintiffs' attention is directed to Local Civil Rule 7(b), which states:

> Within ... such ... time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).

Additionally, the plaintiffs are directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party has the right to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6(e).

The Court may treat as conceded any motion not opposed within the time limits outlined above.  Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined above.  Thus, failure to respond to the defendant's motion in this case carries with it the risk that the case will be dismissed.  Accordingly, it is hereby

ORDERED that plaintiff shall file their response to defendant's Motion to Dismiss [5] no later than September 14, 2006.  If plaintiff does not respond by that date, the Court will treat the motion as conceded and dismiss the case.

-5-

SIGNED this 24th day of July, 2006.

                                                _____
                                                RICHARD W. ROBERTS
                                                United States District Judge