RECEIVED
AUG 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTHA MAYNOR, LESTER LOCKLEAR, ALFORD MAYNOR, VONDOLA LOCKLEAR, ROY MAYNOR, SKAROREH KATENUAKA NATION, a/ka TUSCARORA NATION OF INDIANS OF NORTH CAROLINA, <br><br> Plaintiffs, <br><br> v. <br><br> SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, <br><br> Defendant. | Civil No. 1:06-CV-612 <br> Hon. Richard W. Roberts |

## MOTION TO HOLD CASE IN ABEYANCE

Plaintiffs move the Court for an Order holding the case in abeyance pending two matters, or either of them:

**I. S. 660**

1. On August 2, 2006, the Senate Committee on Indian Affairs approved S. 660, entitled An Act to Provide for the acknowledgment of the Lumbee Tribe of North Carolina, and for other purposes. A copy of S. 660 is attached to this Motion.

2. S. 660 contains two provisions that may affect this litigation:

(1) Sec. 3 of S. 660 would strike the second sentence of the first section of the so-called Lumbee Act of 1956 that was the subject of the decision in *Maynor v. Morton*, 510 F.2d 1254,

1255, 1259 (D.C. Cir. 1975), and that is the provision upon which the Secretary has relied in refusing to consider the applications of Plaintiffs for tribal recognition.

(2) Sec. 3 of S. 660 would also replace section 2 of the so-called Lumbee Act of 1956 with a provision that would extend federal recognition to the Lumbee Tribe of North Carolina and would further provide: "(A)ny group of Indians in Robeson and adjoining counties, North Carolina whose members are not enrolled in the Lumbee Tribe of North Carolina as determined under section 3(c), may petition under part 83 of title 25, Code of Federal Regulations (or any successor regulation) for acknowledgment of tribal existence." That provision may apply for the benefit of Plaintiffs.

3. The Secretary took the position before the Senate Committee that "the Department feels that at a minimum, Congress should amend the 1956 Act to afford the Lumbee Indians the opportunity to petition for tribal status under the Department's acknowledgment regulations." Attached is the Testimony of R. Lee Fleming, Director, Office of Federal Acknowledgment, United States Department of the Interior, Before the Senate Committee on Indian Affairs On S. 660, July 12, 2006. Of course, it is Plaintiffs' position that in *Maynor v. Morton*, the United States Court of Appeals for the District of Columbia Circuit has already determined that the Lumbee Tribe as well as Plaintiff Skaroreh Katenuaka is eligible to petition for tribal status, but the Secretary has refused to obey the injunction issued by this Court in accordance with *Maynor v. Morton*. Thus, the Secretary continues to be in contempt of that injunction.

4. Nevertheless, the enactment either of S. 660 or the legislation recommended by the Secretary may have a significant impact on this litigation. Although the Senate Committee gave similar legislation a favorable recommendation last year, and the legislation nevertheless failed,

Plaintiffs request that the Court hold this case in abeyance pending action by the full Senate and by the Congress on S. 660.

## II. COUNSEL FOR PLAINTIFFS

1. Plaintiffs have an attorney, Mr. Barry Nakell of North Carolina, prepared to represent them, but the Court has deferred his application for admission until March, 2007, at which time he will complete his probation with the North Carolina State Bar. Mr. Nakell is in full compliance with the conditions of his probation and is confident his probation will be terminated on schedule in March, 2007, at which time he will ask this Court to consider his application for admission. Mr. Nakell was formerly a member of the Bar of this Court, but his membership lapsed when he failed to renew it after 1989 pursuant to LCvR 83.9.

2. Plaintiffs have endeavored to obtain another attorney to represent them in the meantime, but have been unsuccessful. As Plaintiffs earlier advised the Court, they expected another attorney to agree to represent them, but that attorney has now declined to do so, and they have been unable to find an attorney admitted to the Bar of this Court to do so.

3. Although the individual Plaintiffs may represent themselves *pro se*, Plaintiff Skaroreh Katenauaka Nation needs to be represented by an attorney. Some of the issues raised by Defendant in the Motion to Dismiss would be resolved simply if Plaintiff Skaroreh Katenauka Nation were a party to this case, and all that is needed to establish that is an attorney to represent Plaintiff Skaroreh Katenuaka Nation. North Carolina attorney Barry Nakell should be eligible for admission to the Bar of this Court by March of 2007 and therefore in a position to provide that representation by the time of his admission in March or April of 2007.

4. It is in the interest of justice that Plaintiff Skaroreh Katenuaka Nation have its case heard on the merits.

5. In the alternative, Plaintiffs would request that the Court assist Plaintiffs in obtaining counsel to represent the Skaroreh Katenuaka Nation by recommending counsel from its Civil Pro Bono Panel pursuant to LCvR 83.11(b)(3), although Plaintiff Skaroreh Katenuaka Nation may not technically be eligible to petition pursuant to 28 U.S.C. Section 2950 to proceed *in forma pauperis* to qualify for such appointment of counsel because the Skaroreh Katenuaka Nation may not technically be a "person" as provided by that statute.

WHEREFORE, Plaintiffs respectfully request that the Court issue an order holding this case in abeyance until further order of the Court, or at least until April, 2007.

Respectfully submitted,

Martha Maynor
153 Charlotte Road
Red Springs, N. C. 28372

*martha maynor*

Lester Locklear
6557 Rennert Road
Shannon, N. C. 28386

*Lester Locklear*

Alford Maynor
100 Lockwood Drive
Pembroke, N. C. 28372

Vondola Locklear
100 Lockwood Drive
Pembroke, N. C. 28372

*Vondola Locklear*

Roy Maynor
100 Lockwood Drive
Pembroke, N. C. 28372

CERTIFICATE OF SERVICE

I hereby certify that I have served one copy of the within Motion to Hold Case in Abeyance on all parties required to be served by depositing a copy in the United States Mail, first class postage prepaid, addressed as follows:

Ms. Sue Ellen Wooldridge
Mr. Alex Kriegsman
Natural Resources Section
Environmental and Natural Resources Division
U.S. Department of Justice
P. O. Box 663
Washington, D.C. 20044

August 26, 2006

*Vondola Locklear*