SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

ALEX KRIEGSMAN
alex.kriegsman@usdoj.gov
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-3022
Facsimile: 202-305-0506

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTHA MAYNOR, LESTER LOCKLEAR, ALFORD MAYNOR, VONDOLA LOCKLEAR, ROY MAYNOR, SKAROREH KATENUAKA NATION, aka TUSCARORA NATION OF INDIANS OF NORTH CAROLINA,<br><br>Plaintiffs,<br><br>v.<br><br>SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendant. | Civil No. 1:06-CV-00612<br><br>Hon. Richard W. Roberts<br><br><br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO HOLD CASE IN ABEYANCE** |

## PRELIMINARY STATEMENT

Defendant the United States Department of the Interior respectfully submits this Opposition to Plaintiffs' "Motion to Hold Case in Abeyance." Plaintiffs ask this Court to hold this case in abeyance because of (i) proposed legislation in the United States Senate and (ii) the possibility that Plaintiffs may be able to obtain counsel to represent them. Plaintiffs' Motion at 1, 3. Because Plaintiffs' speculation regarding these possible events does not and cannot cure the jurisdictional defects of Plaintiffs' Complaint, Plaintiffs' Motion should be denied and Plaintiffs' Complaint should be dismissed with prejudice.

## ARGUMENT

Plaintiffs, who identify themselves as the "Skaroreh Ketenuaka Nation aka Tuscarora Nation of Indians of North Carolina," ask this Court to declare and recognize them as an Indian tribe pursuant to the Indian Reorganization Act. Complaint at 13. As set forth in Defendant's Motion to Dismiss, Plaintiffs' Complaint is fatally flawed for several reasons and should be dismissed. Plaintiffs now ask this Court to hold "the case in abeyance pending two matters, or either of them." Plaintiffs' Motion at 1.

First, Plaintiffs state that on August 2, 2006, the Senate Committee on Indian Affairs approved a bill that "contains two provisions that may affect this litigation." Plaintiffs' Motion at 1. Specifically, Plaintiffs assert that, if approved, this legislation would allow them the opportunity to "petition . . . for acknowledgment of tribal existence." Id. Plaintiffs ask the Court to "hold this case in abeyance pending action by the full Senate and by the Congress on [this bill]." This argument is without merit and must fail.

As set forth in Defendant's motion to dismiss, this Court lacks jurisdiction over Plaintiffs' Complaint for several reasons. See Motion to Dismiss (lack of standing, failure to allege waiver of sovereign immunity, claims barred by statute of limitations, non-justiciable political question). Because jurisdiction is determined at the time a Complaint is filed, even if the proposed legislation Plaintiffs refer to were to become law, it would not cure the jurisdictional defects in Plaintiffs' Complaint. See Grupo Dataflux v. Atlas Global Group, L.P., et al., 541 U.S. 567, 570-71 (2004) ("It has long been the case that 'the jurisdiction of

the Court depends upon the state of things at the time of the action brought.'") (quoting Mollan v. Torrance 9 Wheat. 537, 539, 6 L. Ed. 154 (1824). The "time of filing rule" applies "regardless of the costs it imposes." Grupo Dataflux at 571 (finding dismissal of action appropriate because of lack of jurisdiction at time of filing, refusing to create exception that would allow subsequent events to cure jurisdictional defects). Accordingly, the proposed legislation Plaintiffs refer to does not and cannot cure the fatal defects of Plaintiffs' Complaint. Second, it is wholly speculative that this proposed legislation will be enacted into law. So not only will this proposed legislation not cure the jurisdictional defect, but the proposal may never become law.

Plaintiffs next argue that this case should be held in abeyance because Plaintiffs have an attorney, Barry Nakell, who is prepared to represent them, but the attorney is currently on probation with the North Carolina state bar. Plaintiffs' Motion at 3. Plaintiffs assert that this attorney is eligible for admission in March of 2007 and ask that the Court hold the present case in abeyance until that time. Id. Plaintiffs acknowledge that although the individually named Plaintiffs may proceed on a pro se basis, Plaintiff "Skaroreh Katenuaka Nation needs to be represented by an attorney." Id. This request is also without merit. As a general matter, complaints filed by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Moore v. Agency for Int'l Development et al., 994 F.2d 874, 876 (D.C. Cir. 1993). But a *"pro se* [plaintiff's] complaint, like any other, must present a claim upon which relief can be granted by the court." Cristafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Accordingly, the fact that Plaintiffs wish to have an attorney represent them does not and cannot cure the jurisdictional defects of Plaintiffs' Complaint and Plaintiffs' request should be denied.[1]

---

[1] Plaintiffs also ask the Court, alternatively, for assistance in obtaining counsel from its Civil Pro Bono Panel pursuant to Local Rule 83.11(b)(3). Plaintiffs' Motion at 4. Plaintiffs' acknowledge, however, that they may not be eligible for such assistance under the United States Code. Id. Regardless, this also does not and cannot cure the fatal defects of Plaintiffs' Complaint.

Second, it is wholly speculative as to whether Mr. Nakell will be admitted to the Bar when he is eligible. According to Plaintiffs, his application was deferred until he is no longer on probation, and apparently, the merits of the application will be considered at that time. Plaintiffs' Motion at 3.

## CONCLUSION

For the reasons set forth in Defendant's Motion to Dismiss, Plaintiffs' Complaint must be dismissed for lack of jurisdiction. As set forth above, the potential legislation Plaintiffs refer to and the possibility of Plaintiffs obtaining counsel do not and cannot cure these jurisdictional defects. Accordingly, Plaintiffs Motion should be denied and Plaintiffs' Complaint should be dismissed with prejudice.

September 12, 2006                     Respectfully submitted,

                                       SUE ELLEN WOOLDRIDGE
                                       Assistant Attorney General
                                       Environment and Natural Resources Division

                                       _____/s/Alex Kriegsman_____
                                       ALEX KRIEGSMAN
                                       Trial Attorney
                                       Natural Resources Section
                                       Environment and Natural Resources Division
                                       U.S. Department of Justice
                                       P.O. Box 663
                                       Washington, D.C. 20044
                                       Tel.:  (202) 305-3022
                                       Fax:   (202) 305-0506


OF COUNSEL:

JASON C. ROBERTS
Attorney- Advisor
U.S. Department of the Interior
Office of the Solicitor
Division of Indian Affairs
1849 C Street, N.W., MS 6513
Washington, DC 20240
Tel.:  (202) 208-6526
Fax:   (202) 219-1791                  Attorneys For Defendant

3

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2006, a copy of the foregoing Opposition to Plaintiffs' Motion to Hold Case in Abeyance was served on:


Martha Maynor
53 Charlotte Road
Red Springs, N.C. 28372

Lester Locklear
6557 Rennert Road
Shannon, N.C. 28386

Alford Maynor
100 Lockwood Drive
Pembroke, N.C. 28372

Vondola Locklear
100 Lockwood Drive
Pembroke, N.C. 28372

Roy Maynor
100 Lockwood Drive
Pembroke, N.C. 28372


Plaintiffs, acting in *pro se* capacity, by causing full, true and correct copies thereof to be sent, on the date set forth above, by U.S. Mail.


/s/ Alex Kriegsman
Alex Kriegsman
Trial Attorney