IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTHA MAYNOR, LESTER LOCKLEAR, ALFORD MAYNOR, VONDOLA LOCKLEAR, ROY MAYNOR, SKAROREH KATENUAKA NATION, a/ka TUSCARORA NATION OF INDIANS OF NORTH CAROLINA,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>　　　　　Defendant. | Civil No. 1:06-CV-612<br>Hon. Richard W. Roberts |

RECEIVED
OCT 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs submit this Memorandum in response to this Court's September 20, 2006 Order to Show Cause.

1. More than 31 years ago, the United States Court of Appeals issued its decision in *Maynor v. Morton*, 510 F.2d 1254 (D.C. Cir. 1975). The Court of Appeals decisively rejected the Secretary's interpretation of the 1956 so-called Lumbee Act to "terminate" the rights of the Indians of Robeson County under the Indian Reorganization Act. The Court of Appeals declared: "On the plain language of the statute, we think the Secretary and his Deputy Solicitor erred. . . . (We) do not see that Congress manifested any intention whatsoever to take away any rights conferred on any individuals by any *previous* legislation." 510 F.2d at 1257-8.

2. Nevertheless, the Secretary continues to maintain the same interpretation decisively rejected by the Court of Appeals. The Secretary expressed that position in the following language in Memorandum of Points and Authorities in Support of Defendant United States' Motion to Dismiss, at page 18, footnote 7, filed in *Maynor v. Norton*, United States District Court for the District of Columbia, Civil Action No. 1:03 CV 1559:

> Based on the analysis of this disclaimer language {in the last sentence of section one of the Lumbee Act}, Interior has determined that this Act constitutes termination legislation within the meaning of the acknowledgment regulations' section 25 C.F.R. § 83.3(e) and § 83.7(g), which jointly operate to preclude the Bureau of Indian Affairs from considering the application of groups considered to be 'Lumbee Indians' for acknowledgment.

The Secretary also took that position in testimony on S. 660, the so-called "Lumbee Recognition Act," before the Senate Committee on Indian Affairs on July 12, 2006, at page 2, which Plaintiffs provided to the Court with their Motion to Hold Case in Abeyance. There the Secretary's representative said that the 1956 so-called Lumbee Act actually forbade the Secretary to give tribal recognition to any group of Indians in Robeson County. Of course, the Court of Appeals in *Maynor* expressly held that the 1956 so-called Lumbee Act did no such thing.

3. Thus, the Secretary has clearly been acting in violation of the *Maynor* decision to the severe prejudice of the Indians of Robeson County, including Plaintiffs and their tribal organization, the Skaroreh Katenuaka Nation.

4. One consequence of that severe prejudice is the difficulty Plaintiffs have encountered in presenting their case to this Court. They have been stymied from proceeding by a combination of procedural obstacles raised by the Secretary and their difficulty in obtaining representation that would enable the Skaroreh Katenuaka Nation to appear as a party and thereby

overcome most of the procedural obstacles (the others having other grounds for overcoming the Secretary's positions). The attorney would represent the individual Plaintiffs as well as the non-individual Plaintiff, the Skaroreh Katenuaka Nation, and would therefore be able to present the Plaintiffs' case in a professional manner. Thus, the Secretary seeks to benefit from the wrongs that the Department of the Interior has visited on Plaintiffs by its disregard and indeed violation of *Maynor*.

5. Plaintiffs are on the verge of overcoming that difficulty. They have an attorney prepared to represent them and the Skaroreh Katenuaka Nation as soon as he is eligible for readmission to the Bar of this Court after March 24, 2007. Their attorney was not aware at the time he undertook to provide representation that his membership in the Bar of this Court had lapsed because of his failure to renew it after the 1989 Rule requiring him to do so.

6. Certainly the contempt of the *Maynor* decision by the Department of the Interior is a more egregious wrong that needs to be addressed by this Court.

7. Plaintiffs have been part of the struggle to overcome the refusal of the Department of the Interior to obey the mandate of *Maynor*, with their brother and father Lawrence Maynor -- the plaintiff in *Maynor* - and since his passing, as they have grown into elders of the Skaroreh Katenuaka Nation.

8. Because of their relationship to Lawrence Maynor, Plaintiffs have undisputed status as Indians, as *Maynor* recognized that their brother and father Lawrence Maynor did. For that reason, Plaintiffs' presence in this case as parties plaintiff is important to the case, though their position is that all of the Indians of Robeson County have been severely prejudiced by the refusal of the Department of the Interior to respect and follow the *Maynor* holding. These particular

plaintiffs therefore have credentials that enable them to avoid certain objections that might be raised as to other members of the Skaroreh Katenuakah Nation.

9. Yet because of the resistance of the Department of the Interior to *Maynor*, Plaintiffs have grown old waiting for the benefits of *Maynor* and endeavoring to pursue administrative means to achieve them. Now there is concern whether, if the Court were to dismiss the case, even without prejudice to their refiling it, Plaintiffs might survive long enough to bring the action again before this Court.

9. That is one serious form of prejudice that might accrue to Plaintiffs if the case were dismissed.

10. Another form of prejudice is the hardship of going through the process again of filing the lawsuit and serving process and incurring the expense of another filing fee. That process would engender even more delay than the process of holding the case in abeyance suggested by Plaintiffs. If Plaintiffs have to refile the case, the Secretary will have time in which to refile the Motion to Dismiss. By holding the case in abeyance, however, that delay will be obviated, and Plaintiffs' counsel of choice, when admitted, would be able to act promptly in filing a response to the Motion to Dismiss on behalf of Plaintiffs. Delay is obviously in the interest of the Secretary, and not in the interest of Plaintiffs. Plaintiffs regret that they need to experience the delay while they wait for the readmission to the Bar of this Court of the attorney who has agreed to represent them when he is admitted, but should not have to endure any further delay.

11. Another form of prejudice is that the Secretary would continue to defy the *Maynor v. Morton* decision and Plaintiffs and the members of the Skaroreh Katenauka Nation would continue to suffer the injustices from which *Maynor v. Morton* attempted to provide them relief.

The Court would be turning away from that defiance and emboldening the Secretary's contempt of the holding in that landmark case.

11. On the other hand, there would be no prejudice to the Court or to the Secretary if the Court were instead to grant their Motion to Hold the Case in Abeyance. The case would be pending on the Court's docket until the attorney prepared to represent Plaintiffs should hopefully be admitted to the Bar of this Court next April, but the Court and the Secretary would not have to take any action or attend to the case in any way until it is revived by the entry of appearance of counsel for Plaintiffs. The Court, as well as Plaintiffs, would benefit from having Plaintiffs' case presented by an attorney. Indeed, in *Maynor v. Norton,* United States District Court for the District of Columbia, Civil Action No. 1:03CV01559, the case was pending before the Court for action after the Secretary's Motion to Dismiss had been fully briefed for well over two years before the Court ruled on it.

12. Accordingly, Plaintiffs would suffer prejudice as a result of any dismissal, jeopardizing their ability to pursue the case, incurring unnecessary delay in proceeding with the case, and incurring additional expense in refiling the case, while the Court and the Secretary would incur no prejudice from holding the case in abeyance.

WHEREFORE, Plaintiffs respectfully request that the Court issue an order holding this case in abeyance until further order of the Court, or at least until April, 2007.

Respectfully submitted,

Martha Maynor
453 Charlotte Road
Red Springs, N. C. 28372

*Martha Maynor*

Lester Locklear
6557 Rennert Road
Shannon, N. C. 28386

*Lester Locklear*

Alford Maynor
100 Lockwood Drive
Pembroke, N. C. 28372

Vondola Locklear
100 Lockwood Drive
Pembroke, N. C. 28372

*Vondola Locklear*

Roy Maynor
100 Lockwood Drive
Pembroke, N. C. 28372

## CERTIFICATE OF SERVICE

I hereby certify that I have served one copy of the within Plaintiffs' Response to Order to Show Cause on all parties required to be served by depositing a copy in the United States Mail, first class postage prepaid, addressed as follows:

Ms. Sue Ellen Wooldridge
Mr. Alex Kriegsman
Natural Resources Section
Environmental and Natural Resources Division
U.S. Department of Justice
P. O. Box 663
Washington, D.C. 20044

October 13, 2006

*Vondola Locklear*